## No. 149

### ALFLEN v. McCLENAHAN et al

Ohio Appeals, 9th Dist., Cuyahoga County
No. 4817 Decided Jan. 28, 1924

**787. MORTAGAGE—A defendant who is a junior mortgagee in a foreclosure suit may foreclose his mortgage by cross-petition and secure personal judgment against his mortgagtor who is a co-defendant.**

LEVINE, J.

Epitomized Opinion

First Publication of this Opinion

Gertrude Alflen was the holder of a note against McClenahan which was secured by a second mortgage upon certain land. Other defendants herein, John Vrana and Mary Vrana had assumed the note and agreed to pay the same.

The West Side Savings & Loan Assn., which had a first mortgage upon the land, brought foreclosure and made Alflen a defendant in the action. She filed an answer and cross-petition setting up her note as her first cause of action with a paryer for judgment thereon. For a second cause of action she set up her second mortgage securing the note.

The Common Pleas dismissed her first cause of action and refused judgment in her favor on the second. The action of the Common Pleas was based upon Krause 13, Cir. 477, holding that a personal judgment could not be secured by a cross-petition on a lien upon the same land upon which the plaintiff is seeking to foreclose. This and other cases considered hold that a court is without power to render a personal judgment against a mortgagor where there is no statute which authorizes one, and compelling a cross-petitioner in a foreclosure suit to file a separate suit at law upon a note held by him against the same mortgagor. But an examination of the Ohio cases and statute leads to a different conclusion.

There is no doubt but subsequent mortgagees and encumbrancers by virtue of 11255 GC. are proper parties to a foreclosure suit and when a second mortgagee is made a party under out statute, he has an undoubted right to file a cross-petition asking affirmative relief and may thus foreclose his own mortgage upon the same land. The last part of 11583 GC. settles all questions of the court's power to grant affirmative relief to a junior mortgagee in such cases, including the right to a personal judgment to the same extent as he himself were the plaintiff who brought the foreclosure suit. We are unable to agree with the rule in the Krause case. That case places its whole reliance upon the omission from 11317 GC. which relates to counter-claims, of a provision similar to paragraph 8 of 11306 GC. and treats a cross-petition as a counter-claim. 11314 GC. makes a clear distinction between an answer containing a counter-claim or set-off and an answer seeking affirmative relief. While it is true that no express language that an action to secure the payment of money and a claim to foreclose a mortgage may be joined in a cross-petition, yet the sweeping language of 11583 GC. leaves no doubt but that the same is authorized. This

reasoning is strengthened by Southward v. Jamison, 66 OS. 290. The case of Aldrich v. Friedman, ante-page 115, sustains this holding.

We therefore hold that the Common Pleas was in error in refusing to render personal judgment upon the cross-petition and its judgment will therefore be reversed.

Attorneys—White, Cannon & Spaeth, Cleveland, for Alflen; Maurer, Bolton & McGiffin, Cleveland, for Mc Clenahan.